Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

SEALED BY ORDER OF THE COURT

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 1 2006

at \_\_\_ o'clock and \_\_\_ min \_\_ M
SUE BEITIA, CLERK

U.S.A. vs. CLYSON T.K. NAKAAHIKI                                Docket No. CR 03-00376SOM-01

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

   COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CLYSON T.K. NAKAAHIKI, in Criminal No. CR 03-00376SOM-01, who was placed on supervision by U.S. District Judge Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 3rd day of May 2004, who fixed the period of supervision at 3 years as to each of Counts 1 and 2, to be served concurrently, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1.   That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2.   That the defendant is prohibited from possessing any illegal or dangerous weapons.

   3.   That the defendant provide the Probation Office access to any requested financial information.

   On 6/28/2005, a Request for Course of Action (Probation Form 12C) informed the Court of the following violations:  1) The offender refused to submit to drug testing on 10/30/2004, 11/27/2004, 12/4/2004, 2/13/2005, 4/25/2005, 5/20/2005, and 5/25/2005, and refused to participate in substance abuse treatment on 12/31/2004, in violation of Special Condition No. 1; 2) Urine specimens collected on 11/2/2004, 12/6/2004, and 5/27/2005 tested positive for methamphetamine and amphetamine, in violation of the General Condition; and 3) The offender failed to follow the Probation Officer's 6/25/2005 instruction to report to the Probation Office on 6/27/2005, in violation of Standard Condition No. 3.  On 7/7/2005, the Court revoked the offender's supervision and sentenced him to 6 months imprisonment as to each of Counts 1 and 2, to be served concurrently, followed by 30 months of supervised release as to each of Counts 1 and 2, to be served concurrently, with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing and residential substance abuse treatment at the discretion and direction of the Probation Office; 2) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The offender's second term of supervised release commenced on 12/30/2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. The offender refused to submit to drug testing on 2/19/2006, 2/28/2006, 3/9/2006, and 3/16/2006, in violation of Special Condition No. 1.

2. The offender refused to participate in substance abuse treatment on 2/23/2006, 3/2/2006, 3/9/2006, and 3/16/2006, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   4/7/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 7th day of April, 2006, and ordered filed and made a part of the records in the above case.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

Re: **NAKAAHIKI, Clyson T.K.**
  **Criminal No. CR 03-00376SOM-01**
  **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 10/10/2003, the offender pled guilty to Count 1: Possession of a Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence; and Count 2: Possession of Ammunition by a Person Convicted of a Misdemeanor Crime of Domestic Violence. On 5/3/2004, the subject was sentenced to 14 months as to each of Counts 1 and 2, to be served concurrently, followed by 3 years of supervised release as to each of Counts 1 and 2, to be served concurrently.

The offender's original term of supervised release commenced on 8/30/2004.

On 7/7/2005, the offender's supervised release was revoked for the following violations: 1) refusal to submit to drug testing on seven occasions, and refusal to participate in substance abuse treatment on one occasion; 2) urine specimens tested positive for methamphetamine and amphetamine on three occasions; and 3) failure to follow the Probation Officer's instruction to report to the Probation Office on one occasion. The offender was subsequently sentenced to 6 months imprisonment as to each of Counts 1 and 2, to be served concurrently, followed by 30 months of supervised release as to each of Counts 1 and 2, to be served concurrently, with special conditions.

The offender's second term of supervised release commenced on 12/30/2005. Since then, the offender has committed the following violations of supervised release.

**Violation No. 1 - Refusal to Submit to Drug Testing on 2/19/2006, 2/28/2006, 3/9/2006, and 3/16/2006; and Violation No. 2 - Refusal to Participate in Substance Abuse Treatment on 2/23/2006, 3/2/2006, 3/9/2006, and 3/16/2006:**

On 1/11/2006, the offender was oriented to the supervision conditions at his Kauai residence. During the processing, this officer informed the offender that he was required to participate in drug treatment and drug testing at Hina Mauka - Kauai (HM-K). This officer further informed the offender that if he failed to attend drug treatment or submit to drug testing, his failure would constitute a refusal to participate in drug treatment or a refusal to submit to drug testing. The offender acknowledged that he understood this condition.

On 2/20/2006, this officer met the offender at his residence on Kauai. Upon questioning, the offender related that he was required to participate in individual counseling at HM-K each Thursday. The offender further reported that he "may have missed" a drug test the day before, 2/19/2006. This officer warned the offender about missing drug tests and drug treatment sessions, and instructed the offender to continue with drug treatment and drug testing as required by his conditions of supervised release.

Re:  **NAKAAHIKI, Clyson T.K.**
**Criminal No. CR 03-00376SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

On 2/20/2006, HM-K informed this officer that the offender failed to submit to drug testing on 2/19/2006. Further, on 3/1/2006, HM-K informed this officer that the offender failed to submit to drug testing on 2/28/2006.

On 3/23/2006, the offender's substance abuse counselor from HM-K informed this officer that the offender submitted to a single drug test on 2/17/2006, but failed to submit to drug testing on 2/19/2006, 2/28/2006, 3/9/2006, 3/16/2006, and 3/21/2006. Additionally, the counselor reported that although the offender reported for substance abuse treatment on 2/16/2006, he did not report for substance abuse treatment on 2/23/2006, 3/2/2006, 3/9/2006, and 3/16/2006.

In essence, the offender's substance abuse treatment and testing commenced on 2/16/2006 at HM-K. Although he submitted to drug testing on 2/16/2006 and participated in substance abuse treatment on 2/17/2006, the offender had ceased all participation in substance abuse treatment and testing at HM-K the day after he started the program.

In light of the aforementioned violations, it does not appear the offender is amenable to treatment and rehabilitation. Additionally, given that the instant violations are for the same reasons the offender's supervised release was previously revoked, it is apparent that the offender did not learn from his previous experience and does not appreciate his legal situation.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

DMK/pts

Re:   **NAKAAHIKI, Clyson T.K.**
      **Criminal No. CR 03-00376SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 10/05)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: Clyson T.K. Nakaahiki                    Docket No. CR 03-00376SOM-1
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THIRTY (30) MONTHS commencing upon release from confinement (12/30/05).

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   01-11-06
CLYSON T.K. NAKAAHIKI                       Date
Defendant

_____   1/11/06
DEREK M. KIM                                Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   NAKAAHIKI, Clyson T.K.
      Docket No. CR 03-00376SOM-1

Conditions of Probation and Supervised Release
**(continued from previous page)**

1. That the defendant participate in a substance abuse program, which may include drug testing and residential substance abuse treatment at the discretion and direction of the Probation Office.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   01-11-06
          CLYSON T.K. NAKAAHIKI              Date
          Defendant

         _____    1/11/06
          DEREK M. KIM                       Date
          Senior U.S. Probation Officer